**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Rakim Dawkins,**<br><br>                    **Plaintiff,**<br>        **vs.**<br><br>**WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY,**<br><br>                    **Defendants.** | **Civil Action No.: 1:24-cv-306** |

## <u>ANSWER</u>

Defendant Washington Metropolitan Area Transit Authority ("WMATA"), by counsel, pursuant to Fed. R. Civ. P. 8 and 81(c)(2), answers Plaintiff's Complaint as follows:

## <u>FIRST DEFENSE</u>

The Complaint fails to state a claim upon which relief can be granted.

## <u>SECOND DEFENSE</u>

WMATA generally denies all the allegations in Plaintiff's Complaint, except it admits that: (1) WMATA is a tri-jurisdictional government agency created by Congress by way of the WMATA Compact, Public Law 89-774, Paragraph 81, approved by Congress on November 6, 1966, as amended, reprinted at D.C. Code § 9-1107.01; and (2) this Court has jurisdiction to hear this case pursuant to Section 81 of the WMATA Compact.

## <u>THIRD DEFENSE</u>

If Plaintiff was injured as alleged in the Complaint, such injuries were caused by his sole or contributory negligence and/or assumption of the risk.

## FOURTH DEFENSE

Plaintiff's causes of action may be barred by the applicable statute of limitations.

## FIFTH DEFENSE

Plaintiff may have failed to mitigate his damages.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole and/or in part by principles of sovereign immunity and/or by Section 80 of the WMATA Compact.

## SEVENTH DEFENSE

Plaintiff's claims of punitive damages are barred in whole and/or in part by principles of sovereign immunity and/or by Section 80 of the WMATA Compact

## EIGHTH DEFENSE

Plaintiff's claimed injuries and damages, as alleged in the Complaint, are not causally related to the incident; and the claimed healthcare providers' treatment and resulting expenses and other economic losses, as alleged in the Complaint, were neither reasonable nor necessary. Further, WMATA denies that the Plaintiff has been injured and/or damaged to the extent alleged in the Complaint.

WHEREFORE, WMATA respectfully requests that the Court:

A. Enter judgment in WMATA's favor.

B. Award WMATA its reasonable costs and fees.

C. Grant WMATA such other and further relief as the Court deems just and proper.

**JURY DEMAND**

WMATA demands a trial by jury on all issues triable by a jury.

DATE: February 1, 2024

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

By:    /s/ Brendan H. Chandonnet
       Brendan H. Chandonnet #986719
       Senior Counsel - WMATA
       300 7th Street SW
       Washington, DC 20024
       Direct Dial:  (202) 962-2805
       Facsimile:  (202) 962-2550
       Email:  bchandonnet@wmata.com

**CERTIFICATE OF SERVICE**

I certify that on February 1, 2024 a true and accurate copy of the foregoing was served on the following counsel of record via the Court's ECF system and first class mail:

Alan R. Fawcett
Timian & Fawcett, LLC
8201 Corporate Drive, Suite 730
Hyattesville, MD

/s/ Brendan H. Chandonnet
Brendan H. Chandonnet #986719

3